UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY L. WHITING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA CIVIL RIGHTS DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 5:24-cv-01032-JWH-RAO<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's Second Amended Complaint, ECF No. 20, the Magistrate Judge's Report and Recommendation issued April 23, 2025 ("Report"), ECF No. 22, Plaintiff's Objections to the Report, ECF No. 24, and all of the other records and files herein. The Court has further engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected and does not find Plaintiff's objections persuasive.

In this action, Plaintiff alleges that Defendants did not properly investigate his complaint that his neighboring tenants attempted to drive out Plaintiff, who is African American, from their building complex, whose tenants are mostly Latino. (ECF No. 20 at 5.) The Report recommends the dismissal of Plaintiff's Second Amended Complaint for failure to state a claim on which relief may be granted and without further leave to amend. (ECF No. 22.) Plaintiff's objections to the Report do not merit any change to the Report's findings or recommendations.

Plaintiff objects that the Report required him to prove discriminatory intent by "direct evidence." (ECF No. 24 at 2.) On the contrary, the Report did not require evidence but only reviewed the adequacy of Plaintiff's allegations. Plaintiff failed to state an equal protection claim because his only non-conclusory allegations were that the investigating officer knew Plaintiff is African American and was the only African American tenant in his apartment building and that the individuals Plaintiff complained of in his complaint were Hispanic or Latino tenants. (ECF No. 20 at 5.) The Court agrees with the Report that these allegations are insufficient to state a plausible claim of racial discrimination. *See also Ray v. American Airlines*, Inc., 755 F. Supp. 3d 1277, 1281 (C.D. Cal. 2024) ("The mere intersection of plaintiff's race and his alleged mistreatment by a defendant, in other words, is not enough to 'nudge[ ]' plaintiff's claim of racial discrimination 'across the line from conceivable to plausible.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff objects that he stated a claim under a "hypothetical comparator" theory. (ECF No. 24 at 3.) On the contrary, the Second Amended Complaint failed to provide non-speculative or non-conclusory allegations that any similarly situated, non-African American complainants were treated better than Plaintiff. (ECF No. 20 at 6-7.)

Plaintiff objects that he stated a claim based on an unwritten policy. (ECF No. 24 at 3.) On the contrary, the Second Amended Complaint failed to allege any non-conclusory facts to support a plausible inference of the existence of an unwritten policy. (ECF No. 20 at 2, 7.)

Plaintiff objects that he showed specific and actual instances of different treatment in the form of the agency's normal practices. (ECF No. 24 at 3.) On the contrary, the Second Amended Complaint failed to allege any non-conclusory facts supporting a departure from the agency's normal practices. (ECF No. 20 at 7.)

Plaintiff objects that he alleged the officer made a conscious decision to depart from normal practice in Plaintiff's case. (ECF No. 24 at 3-4.) On the contrary, the Second Amended Complaint failed to allege any facts supporting any inference about the officer's conscious intent or motive in reviewing his case. (ECF No. 20 at 6.)

Plaintiff objects that he stated an intentional discrimination claim under 42 U.S.C. § 1981. (ECF No. 24 at 4.) But Plaintiff did not plausibly allege intentional discrimination on his account of race. Thus, as the Report found, "Plaintiff's claim for racial discrimination fails for the same reasons as his Section 1983 equal protection claim." (ECF No. 22 at 9.)

Finally, Plaintiff objects that he should be granted leave to file a Third Amended Complaint. (ECF No. 24 at 4.) Because Plaintiff "had previously been granted two chances to amend but still failed to state a claim, 'the district court's discretion to deny leave to amend is particularly broad.'" *Espy v. J2 Global, Inc.*, 99 F.4th 527, 542 (9th Cir. 2024) (quoting *Zucco Partners, LLC v. Digimarc Corp.*,

3

552 F.3d 981, 1007 (9th Cir. 2009)).  The Court agrees with the Report that further leave to amend is not warranted.  *See In re Cloudera, Inc.*, 121 F.4th 1180, 1190 (9th Cir. 2024) (dismissal of Second Amended Complaint without further leave to amend was proper where "the district court offered a detailed explanation of the complaint's deficiencies and how to correct them," but Plaintiff "did not correct the deficiencies" and "offer[ed] no new allegations or arguments").

For those reasons, the Court hereby **ORDERS** as follows:

1. The findings, conclusions, and recommendations of the Magistrate Judge are **ACCEPTED** and **ADOPTED**.

2. Plaintiff's claims asserted under 42 U.S.C. §§ 1981 and 1983 are **DISMISSED with prejudice**.

3. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  Those claims are **DISMISSED without prejudice**; Plaintiff may pursue those claims in state court.

4. This action is **DISMISSED   without leave to amend**.

**IT IS SO ORDERED.**

DATED:  May 19, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE